UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 12-24515-CIV-MORENO

IN RE APPLICATION OF ALFREDO CARLOS
POTT FOR JUDICIAL ASSISTANCE
PURSUANT TO 28 U.S.C. § 1782,

_____/

## ORDER VACATING ORDER GRANTING *EX PARTE* APPLICATION FOR JUDICIAL ASSISTANCE, DENYING APPLICANT'S MOTION TO COMPEL, AND GRANTING RESPONDENTS' MOTIONS TO QUASH/VACATE

THIS CAUSE came before the Court upon Oral Argument held in Open Court on **May 14, 2013**. The Court granted Applicant Pott's Amended *Ex Parte* Application for Judicial Assistance which Pott had initially requested to conduct discovery in the Southern District of Florida pertaining to a court action Pott had commenced in Argentina. Applicant Pott argued that Respondents refused to comply with the Court's granting of the Application for Judicial Assistance and requested the Court to compel Respondents' compliance. Respondents argued that Pott's Application for Judicial Assistance was improper because it did not comply with the requirements of 28 U.S.C. § 1782. After hearing the Parties' arguments on the matter in Open Court and reviewing all of the motions and responses pertaining to the Case, the Court ruled, in Open Court, in favor of the Respondents and against Applicant Potts. As a result, the Court vacates its granting of Pott's Amended *Ex Parte* Application for Judicial Assistance on the grounds that Pott's Application and unique situation do not meet the requirements of 28 U.S.C. § 1782.

### FACTUAL BACKGROUND

Applicant Pott claims that he was the co-founder of an Argentinean crabbing company,

*Betónicos de Argentina ("BDA")*, in 2009. When BDA experienced financial difficulties, Pott contends that he sold his share of BDA to World Capital Properties, Ltd. ("WCP"), a British Virgin Islands company. According to Pott, this transaction involved a series of agreements, including a sale of his shares for cash plus profit commissions and an option to repurchase part of his stock at a preferential price. Pott asserts that five months after these agreements were executed, BDA was sold to Acqua Holdings, LLC, a Delaware limited liability company, in a sham transaction designed to deprive Pott of his contract rights. **D.E. 29 at 2-5.**

## PROCEDURAL HISTORY

In March 2011, Pott filed a criminal complaint for fraud against various officers of BDA and WCP in the Argentinean criminal court of first instance, the *Juzgado Nacional en lo Criminal de Instrucción No. 23*. Pott concedes that the court of first instance declined to proceed with the case. In October 2011, Pott appealed the court of first instance's decision before the Appellate Court, *Cámara Nacional de Apelaciones en lo Criminal y Correccional*. In December 2011, The Appellate Court upheld the lower court's decision and dismissed Pott's case. D.E. 7 at 8. Pott appealed the decision of the Appellate Court to the Second Court of Appeals, *Cámara Nacional de Casasión Penal*, which confirmed the lower courts' decisions and dismissed the case on February 7, 2013. D.E. 26-4 at 3. Pott contends that the Argentinean Supreme Court may still take up his case if the Second Court of Appeals reconsiders its decision. D.E. 29-28 at 3. Alternatively, if the Second Court of Appeals denies the reconsideration, Pott may appeal directly to the Supreme Court, but this Court may or may nor take up the case. As of Oral Argument on May 13, 2013, neither Court had taken up Pott's case.

In December 2012, Pott filed an *Ex Parte* Application for Judicial Assistance in Obtaining

-2-

Evidence for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782. D.E. 1. This Court initially rejected the application as Pott filed the Application under seal and granted Pott leave to refile it as a public document. D.E. 5. Pott refiled the Application, and this Court granted it. D.E.9. Pott proceeded to issue subpoenas upon a series of corporations and individuals which he contended were related to the criminal action he was pursuing in Argentina. Pott subsequently filed a Motion to Compel Corporate Respondents [sic] Compliance with Disclosure Requirements of Federal Rule of Civil Procedure 7.1 on March 25, 2013. D.E. 14. Respondents in turn filed a series of Motions to Quash Subpoenas and Vacate Order Granting the Application on April 4, 25, and May 9, 2013. D.E. 23, 24, 25, 28, 32, and 43. The Court held Oral Argument on the Applicant and Respondents' Motions on May 13, 2013.

## DISCUSSION

This Court agrees with Pott's contention that "the applicability of § 1782" is "the only true issue before this Court." D.E. 29 at 2. Section 1782 of U.S.C. 28 states, in relevant part, that "[t]he district court of the district in which a person resides may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). Courts have interpreted the statute to require the district court to apply a two-step analysis of applications for judicial assistance: (1) the four mandatory requirements of 28 U.S.C. § 1782(a) and (2) the four factors that inform the court's discretion in granting the requested judicial assistance under the statute. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004); *Consorcio Ecuatoriano v. Jas Forwarding*, 685 F.3d 987 (11th Cir. 2012); *In re Clerici*, 481 F.3d 1324 (11th Cir. 2007).

An applicant for judicial assistance under 28 U.S.C. § 1782(a) must first satisfy a four part test to avail himself of the statute:

> (1) the request must be made "by a foreign or international tribunal," or by "any interested person"; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in proceeding in a foreign or international tribunal"; and (4) the person from whom the discovery is sought must reside or be found in the district of the district court ruling on the application for assistance.

*In re Clerici*, 481 F.3d at 1331-32 (footnote omitted) (quoting 28 U.S.C. § 1782(a)). If a district court finds that the four requirements of 28 U.S.C. § 1782(a) are met, the district court is authorized, but not required to provide the requested judicial assistance. *Intel*, 542 U.S. at 255 (2004). The district court, then, considers four factors in determining whether to provide the judicial assistance:

> (1) whether "the person from whom discovery it sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome." The Supreme Court in *Intel* added that "unduly intrusive or burdensome requests may be rejected or

trimmed."

*In re Clerici*, 481 F.3d at 1334 (citation omitted) (quoting *Intel*, 542 U.S. at 264-65).

This Court turns first to the four mandatory requirements of 28 U.S.C. § 1782 as part of its two-step analysis of Pott's application for judicial assistance. In their myriad Motions to Quash Subpoenas and Vacate the Order Granting the Application, Respondents do not contest the first or second requirements, "1) the request must be made 'by a foreign or international tribunal,' or by 'any interested person'; (2) the request must seek evidence, whether it be the 'testimony or statement' of a person or the production of 'a document or other thing,'" of the four mandatory requirements for judicial assistance under 28 U.S.C. § 1782. *In re Clerici*, 481 F.3d at 1331-32; D.E. 23, 24, 25, 28, and 32.

Instead, Respondents primarily focus on the third prong of the mandatory requirements, "(3) the evidence must be 'for use in proceeding in a foreign or international tribunal.'" *Id.* They argue that "Pott's application fails to show that the evidence will be used 'in a proceeding in a foreign or international tribunal.'" *See, e.g.* D.E. 32 at 7. Pott advances several arguments regarding his compliance with this requirement. He focuses much of his analysis of the third requirement on convincing the Court that "a party may present new evidence in support of his claim all the way through to an appeal to the Argentine Supreme Court." D.E. No. 29 at 6. However, this Court does not go so far as to adjudge whether an Argentine court would accept the new evidence. Instead, this Court is concerned with the very existence of a proceeding within the scope of 28 U.S.C. § 1782.

In Oral Argument, Pott affirmed that three separate Argentine courts had dismissed his criminal action. In fact, he has exhausted his appeals by right and now is simply hoping that the

-5-

Argentine Second Court of Appeals, a court that has already dismissed his case once, reconsiders its decision or that the Supreme Court of Argentina decides to take up the case. D.E. 29-28 at 3. Because of the unique nature of Pott's series of dismissals, this Court believes that Pott does not have a proceeding "within reasonable contemplation" that meets the standard outlined by the Supreme Court in *Intel*. 542 U.S. at 259.

Applying the Supreme Court's standard, that a proceeding for the purposes of 28 U.S.C. § 1782(a) need not be "pending" but rather must only be "reasonably contemplated," this Court examines the procedural posture of Pott's case in Argentina in the context of *Intel* and similar cases. *Id.* at 253-54. In *Intel*, the Supreme Court focused on the difference between "pending" and "reasonably contemplated" because the parties disputed whether an investigation that would lead to judicial action could be considered a proceeding for the purposes of the third requirement of 28 U.S.C. § 1782(a). *Id* at 259. The Supreme Court agreed with the Ninth Circuit, stating, "A proceeding judicial in character, the Ninth Circuit further observed, was a likely sequel to the European Commission's investigation." (citation omitted) *Id.* at 251.

Additionally, in *Crown Prosecution* and *Trinidad*, the cases upon which the Supreme Court based its "reasonably contemplated" standard, the Circuit Courts' inquiries focused on the eventuality of the use of evidence in future proceedings. *See In re Letter of Request from the Crown Prosecution Serv. of United Kingdom*, 870 F.2d 868, 691 (D.C. Cir. 1989) ("We turn to the question decisive for proper application of section 1782: Was there sufficient indication that a proceeding in court would eventuate in which the evidence gathered can be weighed impartially."); *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago*, 848 F.2d 1151, 1155, and n. 9 (11th Cir. 1988) ("It is not necessary, however, for the

proceeding to be pending at the time the evidence is sought, but only that the evidence is eventually used in such a proceeding.") (citation omitted). Pott is unable to provide sufficient indication that the requested evidence will be used in a future proceeding or even that a future proceeding is likely. After three dismissals and no appeals by right, Pott's case is ship without a port, adrift in a sea of litigation.

Moreover, Pott's cursory mention of a potential arbitration of his claims is not the life raft he hopes it to be. He alluded to the availability of arbitration in his Oral Argument and pleadings. *See, e.g.* D.E. 29 at 7. Nevertheless, even as recently as Oral Argument before this Court on **May 13, 2013**, Pott could provide no more explanation regarding a potential arbitration in this case beyond the fact that it was available. The Court does not find that such a nebulous consideration of a possible arbitration satisfied the Supreme Court's "reasonable contemplation" standard.

Because Pott does not meet the third requirement of an application for judicial assistance under 28 U.S.C. § 1782(a), this Court denies Pott's application and does not reach a conclusion regarding Pott's meeting of the fourth requirement of the statute. Moreover, because Pott's application fails in the first step of the two-step analysis of an application under 28 U.S.C. § 1782(a), the Court will not consider whether Pott's case would meet the four considerations the Court must take into account when exercising its discretion to grant an application for judicial assistance. Nevertheless, the Court notes that it finds reasons both in the fourth requirement of the mandatory elements of 28 U.S.C. § 1782(a) and in the discretionary considerations that would result in this Court's vacating its previous order granting Pott's application for judicial assistance.

## CONCLUSION

THE COURT has considered the pending motions, responses, Parties' oral arguments, and

the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED**, as ruled in Open Court on **May 13, 2013**, that:

(1) Order Granting Amended *Ex Parte* Application for Judicial Assistance **(D.E. No. 9)**, entered on **March 4, 2013**, is VACATED.

(2) Applicant's Motion to Compel Corporate Respondents' Compliance with Federal Rule of Civil Procedure 7.1 **(D.E. No. 14)**, filed on **March 25, 2013**, is DENIED.

(3) Respondents' Motions to Quash Subpoenas and Vacate Order Granting the Application **(D.E. Nos. 23, 24, 25, 28, 32, and 43)**, filed on **April 4, 25, and May 9, 2013**, are GRANTED.

(4) Respondents' Motion to Quash Subpoenas and Vacate Order Granting the Application **(D.E. No. 22)**, filed on **April 4, 2013** and Respondent's Motion for Extension of Time to Respond to Subpoena **(D.E. No. 31)**, filed on **April 31, 2013**, are DENIED as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 20 day of June, 2013.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record